IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GILBERT M. MARTINEZ, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 18-985 |
| v. | : | |
| SARAI BERRIOS, | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                                                               March 22, 2018

The *pro se* plaintiff has moved to proceed *in forma pauperis* in this action against the mother of one of his minor children. Apparently, the mother wrongfully removed the minor child from the Commonwealth of Pennsylvania despite the plaintiff maintaining primary physical custody of the child. In addition, during a period of time in which the mother lacked physical custody of the minor child, she sought and received a tax credit for the minor child, which resulted in the Internal Revenue Service denying the plaintiff's claim for a similar credit.

In response to the mother taking the minor child out of Pennsylvania, the plaintiff sought and obtained a state court order awarding him sole physical and legal custody of the minor child. He has now filed this action seeking damages and injunctive relief for violations of the Internal Revenue Code (for fraudulently claiming E.B. as a dependent in her tax return) and the Uniform Child Custody Jurisdiction and Enforcement Act (for wrongfully removing the minor from the plaintiff's custody).

Although it appears that the mother's conduct in this case is wrongful and potentially unlawful, the plaintiff has failed to state a plausible claim for relief in this case. In particular, although the plaintiff is asserting causes of action under the Internal Revenue Code, the provisions he references do not provide a basis for him to obtain relief. Additionally, although

the plaintiff claims that a violation of the Uniform Child Custody Jurisdiction and Enforcement Act occurred, it appears that this court lacks jurisdiction to entertain such a claim and even if the court had jurisdiction, it does not appear that the Act provides for a federal cause of action for damages. Accordingly, the court must dismiss the complaint. Since the parties appear to be completely diverse and the plaintiff vaguely references tortious conduct by the defendant, the court will grant him leave to file an amended complaint in the event he can articulate a cognizable basis for a state law claim against the defendant.

## I. ALLEGATIONS AND PROCEDURAL HISTORY

The *pro se* plaintiff, Gilbert M. Martinez ("Martinez"), commenced this action by filing a motion to proceed *in forma pauperis* (the "IFP Motion"), a proposed complaint against the defendant, Sarai Berrios ("Berrios"), and a purported motion for a preliminary injunction on March 1, 2018. Doc. No. 1. In the introductory paragraph of the complaint, Martinez describes this action as follows:

> This is a [c]ivil action seeking injunction relief, monetary damages, past and ongoing economic loss, compensatory and punitive damages, disbursements, costs and attorney fees for tort acts brought in violation to (UCCJEA) the Uniform [C]hild [C]ustody Jurisdiction [and] Enforcement [A]ct of (1997), [t]he [f]raudulent filing of information on Federal tax returns pursuant to Internal Revenue [C]ode of 1986 as amended Public Law 104-168 Title VI sec. 601(a), 26 USC 7434, 26 USC 24 (child [t]ax [c]redit).

Compl. at 1 (alterations to original), Doc. No. 1-1. He purports to invoke jurisdiction "pursuant to Article III Sec. 2 of the United States Constitution, 28 USC 1331, Public Law 104-168 Title VI sec. 601(a), 26 USC 7434, 26 USC 24 (child Tax [c]redit)" and states that "[t]his court has jurisdiction because the disputes which give rise to this claim are over violations over Federal Laws, and between citizens of different states." *Id.* (alterations to original).

For his factual allegations, Martinez alleges that he and Berrios have a minor son, E.B.[1] *Id.* at 2. Berrios currently resides in Florida. *Id.* In February 2015, Martinez's mother-in-law notified him that Berrios was asking his relatives if E.B. could live with them because she could not take care of E.B. anymore. *Id.* Berrios was also considering placing E.B. in a state home. *Id.*

Upon hearing about Berrios's desire to no longer care for E.B., Martinez reached out to her and, after a brief discussion, they agreed that E.B. would come and live with him on a permanent basis.[2] *Id.* Berrios then discharged E.B. from school in Florida, and Martinez began a period of permanent physical custody over E.B. in Pennsylvania. *Id.* Since then, E.B. had been attending school in Reading, and he was recently working part-time at McDonald's. *Id.*

In approximately January 2017, Martinez attempted to claim a child tax credit on his tax return only to have the Internal Revenue Service reject the claim because Berrios had already claimed E.B. as a dependent. *Id.* Approximately a year later, Martinez received a call from E.B.'s school indicating that E.B. had not attended school that day. *Id.* at 3. Martinez searched for E.B. for approximately three hours before calling the City of Reading Police Department and filing a missing person report. *Id.* Martinez also tried contacting Berrios to discern E.B.'s whereabouts, but she would not respond to him. *Id.* At some point, Martinez learned that Berrios had removed E.B. from the Commonwealth of Pennsylvania. *Id.* at 2.

In addition to taking E.B., Berrios filed a federal tax return in January 2018, in which she claimed E.B. as a dependent. *Id.* at 3. Martinez discovered this "fraudulent" claim, and on

---

[1] Martinez alleges that E.B. was born on June 24, 2002, *see* Compl. at 2, meaning that he appears to be 15 years old. Although Martinez references E.B.'s full name and birth date in the complaint, he should refer to E.B. by his initials as required by Rule 5.2 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 5.2(a) ("Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only: . . . **(3)** the minor's initials[.]"). If Martinez files an amended complaint and refers to his minor child(ren), he shall use initials when referencing the child(ren) as required by the Federal Rules.

[2] Martinez attaches a letter that appears to be signed by Berrios and is notarized. *See* Compl. at ECF p. 10.

January 30, 2018, he sent the I.R.S. a "formal **[stop]** complaint advising them of the fraud." *Id.* at 3 & Ex. C.

Apparently, Martinez brought some sort of child custody action in state court and, after a hearing, the Honorable James Bucci of the Court of Common Pleas of Berks County determined that Berrios had unlawfully removed E.B. from the Commonwealth of Pennsylvania. *Id.* at 3 & Ex. D. Judge Bucci also ordered that (1) Martinez has sole legal and physical custody of E.B., (2) Berrios (or any other person with physical custody of E.B.) must immediately surrender custody of E.B. to Martinez or any law enforcement officer enforcing this order, and (3) law enforcement is authorized to render assistance to Martinez in locating and delivering E.B. to Martinez's custody.[3] *Id.* at 3 & Ex. D. Martinez mailed a copy of Judge Bucci's order to Berrios on February 12, 2018. *Id.* at 3. Martinez also sent Berrios a text message informing her of the custody order, asking that she comply with it, and warning her that he would be filing the instant civil action against her in federal court if she did not comply with the order. *Id.*

Based on the aforementioned allegations, Martinez asserts causes of action for violations of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") (codified at 23 Pa. C.S. § 5401, *et seq.*) and two provisions of the Internal Revenue Code, 26 U.S.C. § 24 (relating to the child tax credit) and 26 U.S.C. § 7434 (relating to "Civil damages for fraudulent filing of information returns") in count I of the complaint. *Id.* at 4-5. He claims that he "is entitled to recover against [Berrios] for injuries, damages and losses approximately caused by her conduct as set forth in this complaint." *Id.* at 4 (alteration to original). He also asserts that he is "suffering and will continue to suffer irreparable injury and monetary damages as well as damages for fraud, mental anguish, emotional distress, financial hardship[, and he is entitled to]

---

[3] According to Judge Bucci's order, Berrios did not attend the hearing scheduled for February 8, 2018, despite having received notice of the hearing. *See* Compl. at Ex. D.

injunction relief, attorney fees, costs, and One Hundred Fifty one thousand (151,000) dollars as well as punitive damage[s]." *Id.* at 4-5 (alterations to original).

In count II of the complaint, Martinez purports to assert another claim under the UCCJEA and the Internal Revenue Code, but it appears to relate to a different set of facts. In particular, Martinez alleges that Berrios's act of "defrauding" him was "constructively planned by [Berrios] and others not party to this case to cause [him] to be subjected to losing state benefits from the Department of Public Welfare." *Id.* at 5 (alterations to original). He asserts that Berrios and Gloria Margary ("Margary"), the mother of his youngest child, colluded on multiple occasions to lure him on trips away from his home so Margary could call the police and accuse him of crimes and then use the calls to gain advantage over him in custody matters and evade claims he was asserting against her. *Id.* Martinez appears to seek the same damages and remedies for this alleged misconduct. *Id.* at 6.

Despite including requests for relief after each count in the complaint, Martinez includes a separate "**PRAYER OF RELIEF**" where he specifies the injunctive relief that he is seeking in this case. *Id.* at 6-7. It appears that he is seeking to have the court order Berrios to return E.B. to his custody in Pennsylvania and fine her $175.00 for every day that E.B. is not returned to him. *Id.* He also seeks a decree (1) stating that Berrios unlawfully claimed E.B. on her tax returns for the years 2016 and 2017, (2) directing the I.R.S. to stop any payments to her, and (3) directing the I.R.S. to pay the appropriate amount to him for his 2017 tax return. *Id.* at 7.

Along with the complaint, Martinez filed a "Motion for Injunction Relief Memorandum of Law in Support." Doc. No. 1-3. The motion

> seek[s] relief against [Berrios] . . . for wrongful intentional tort acts removing [E.B.] from [Martinez's] custody and unlawfully claiming a child tax credit for [E.B.] for purposes to defraud and interfere with [Martinez's] tax returns & custody rights in violation of [the UCCJEA], The Fraudulent filing of information on Federal tax returns pursuant to Internal Revenue [C]ode of 1986 as amended

5

> Public Law 104-168 Title VI sec. 601(a), 26 USC 7434, 26 USC 24 (child Tax Credit).

Mot. for Inj. Relief Mem. of Law in Supp. at 1 (alterations to original). Martinez requests that the court order (1) Berrios to pay $175.00 per day for every day that she does not return E.B. to him, and (2) the IRS to release payment on his tax returns "without further cause for investigation." *Id.* at 4.

## II. DISCUSSION

### A. <u>The IFP Motion</u>

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch*[ *v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in *forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131-32 (3d Cir. 2008) (per curiam) (alteration to original) (footnote omitted).

The litigant seeking to proceed *in forma pauperis* must establish that he or she is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this

Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must] review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (alteration to original) (internal citations omitted).

Here, after reviewing the IFP Motion, it appears that Martinez is unable to pay the costs of suit. Therefore, the court will grant Martinez leave to proceed *in forma pauperis*.

B. **Standard for Reviewing the Complaint Under 28 U.S.C. § 1915(e)(2)(B)**

Because the court has granted Martinez leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal-- **(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief."). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085.

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). In addressing whether a *pro se* plaintiff's complaint is frivolous or fails to state a claim, the court must liberally construe the allegations in the complaint. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339-40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)).

### C. Analysis

#### 1. Martinez's Purported Federal Claims

As indicated above, Martinez is attempting to pursue claims against Berrios under 26 U.S.C. § 7434 based on his allegations that she filed a fraudulent tax return when she improperly claimed E.B. as a dependent, thereby depriving him of tax credits and state benefits to which he would have otherwise been entitled. Section 7434 provides that "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a). The section also defines "information return" as "any statement described in section 6724(d)(1)(A)."[4] 26 U.S.C. § 7434(f). Thus, "[t]he remedy created by § 7434 is

---

[4] Section 6724(d)(1)(A) indicates that
    **(1) Information return.**--The term "information return" means--
      **(A)** any statement of the amount of payments to another person required by--
        **(i)** section 6041(a) or (b) (relating to certain information at source),
        **(ii)** section 6042(a)(1) (relating to payments of dividends),
        **(iii)** section 6044(a)(1) (relating to payments of patronage dividends),
        **(iv)** section 6049(a) (relating to payments of interest),
        **(v)** section 6050A(a) (relating to reporting requirements of certain fishing boat operators),
        **(vi)** section 6050N(a) (relating to payments of royalties),
        **(vii)** section 6051(d) (relating to information returns with respect to income tax withheld),
        **(viii)** section 6050R (relating to returns relating to certain purchases of fish), or
        **(ix)** section 110(d) (relating to qualified lessee construction allowances for short-term leases)[.]
26 U.S.C. § 6724(d)(1)(A).

limited in scope" insofar as "[t]he types of false 'information returns' for which an injured taxpayer may recover are limited to the nine listed in 26 U.S.C. § 6724(d)(1)(A)." *Cavoto v. Hayes*, 634 F.3d 921, 924 (7th Cir. 2011).

Based on the allegations in the complaint, Martinez has failed to plausibly allege a claim under section 7434. In the first instance, Martinez does not allege that Berrios filed a fraudulent tax return with respect to any payments made to him. Instead, Martinez alleges that Berrios falsely claimed E.B. as a dependent, which adversely affected Martinez's tax liability and benefits. Even if the allegations described a "payment[] purported to be made to any other person," the child tax credit is not among the categories of "information returns" providing a basis for a private cause of action under section 7434. *See* 26 U.S.C. § 6724(d)(1)(A). Moreover, section 7434 does not provide a basis for this court to enjoin the IRS from processing Berrios's tax returns.[5] Therefore, the court must dismiss Martinez's federal claims for the failure to state a claim.[6]

### 2. Martinez's Purported State Law Claims

Since the court is dismissing Martinez's federal claims, the only basis for subject-matter jurisdiction in this lawsuit is under the diversity statute, 28 U.S.C. § 1332. Section 1332 grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The complaint includes sufficient allegations that the parties are

---

[5] The IRS is not a party to this case. Regardless, the Anti-Injunction Act precludes Martinez from obtaining the injunctive relief he seeks. *See* 26 U.S.C. § 7421 (providing that, subject to certain exceptions irrelevant here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed").

[6] Although Martinez mentions the portion of the Internal Revenue Code relating to the child tax credit, 26 U.S.C. § 24, the statute itself does not provide for a private right of action. There is also no basis for this court to infer a private right of action in this statute. *See McGovern v. City of Philadelphia*, 554 F.3d 114, 116 (3d Cir. 2009) ("[W]e employ a two-step inquiry for determining whether a private right of action exists under a federal statute: (1) whether Congress intended to create a personal right in the plaintiff; and (2) whether Congress intended to create a personal remedy for that plaintiff."). As such, the court will dismiss any purported claim under 26 U.S.C. § 24 as well.

completely diverse insofar as Martinez appears to be a citizen of the Commonwealth of Pennsylvania and Berrios appears to be a citizen of the State of Florida. Additionally, on its face, the complaint appears to satisfy the amount in controversy requirement as Martinez is seeking damages in excess of $75,000.

To the extent that Martinez is seeking any custody determination in this court, "[t]he Supreme Court has long recognized a domestic relations exception to federal diversity jurisdiction." *Matusow v. Trans-Cty. Title Agency, LLC*, 545 F.3d 241, 245 (3d Cir. 2008). "This exception encompasses 'cases involving the issuance of a divorce, alimony, or child custody decree.'" *Daniels v. Cynkin*, 597 F. App'x 704, 706 (3d Cir. 2015) (per curiam) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 693-94 (1992)). Therefore, it appears that this court lacks subject-matter jurisdiction to grant Martinez a custody decree concerning E.B.[7]

Even if the court has subject-matter jurisdiction over any part of Martinez's state law claims, he has nonetheless failed to allege a plausible claim for relief. In this regard, Martinez purports to be asserting claims under the UCCJEA. "The UCCJEA establishes subject matter jurisdiction before the courts of common pleas in child custody matters." *S.K.C. v. J.L.C.*, 94 A.3d 402, 407 (Pa. Super. 2014). It is a state procedural statute that "does not confer federal jurisdiction." *Lazaridis v. Wehmer*, No. CIV. A. 06-793 SLR, 2008 WL 4758551, at *4 (D. Del. Oct. 28, 2008) (citation omitted), *aff'd*, 591 F.3d 666 (3d Cir. 2010). Similarly, it does not "create any federal right of action, as it is a state procedural act." *Becker v. State of Cal.*, 17 F.3d 393 (9th Cir. 1994) (unpublished). There is also no indication that the UCCJEA supports a private right of action for damages in any jurisdiction.[8]

---

[7] Martinez already has such an order from the state court.
[8] *See Schappell v. Motorists Mut. Ins. Co.*, 934 A.2d 1184, 1189 (Pa. 2007) (explaining that test to "determine whether a statute provides for a private remedy where the statutory language is not explicit" is "(1) whether the plaintiff is one of the class for whose especial benefit the statute was enacted; (2) whether there is any indication of

### D. Leave to Amend

A district court should generally provide a *pro se* plaintiff with leave to amend unless an amendment would be inequitable or futile. *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Here, if the court was limited to considering whether Martinez could amend his complaint to assert cognizable claims under the Internal Revenue Code or the UCCJEA, the court finds that such an amendment would be futile. Nonetheless, because Martinez is proceeding *pro se* and because he also generally references tortious conduct (without identifying any particular tort) by Berrios, the court will grant him leave to file an amended complaint in the event he can articulate a basis for a state law claim against Berrios.

### III. CONCLUSION

Taking Martinez's allegations as true, it appears that Berrios wrongfully and improperly took E.B. out of the Commonwealth of Pennsylvania and sought and received a tax credit for which she was not entitled to receive. Unfortunately, these wrongs do not provide a basis for Martinez to obtain relief as he has asserted in the complaint. Neither of the aforementioned provisions of the Internal Revenue Code provides support for a claim against Berrios, and he cannot maintain a cause of action in federal court under the UCCJEA. Although Martinez failed to state a plausible claim for relief in the complaint, the court will provide him with an opportunity to amend in case he can assert any cognizable state law claim against Berrios.

The court will issue a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

legislative intent, explicit or implicit, either to create such a remedy or to deny one; and (3) whether it is consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff" (citations omitted)).